State vs. Barfield et al.

## No. 9025.

### THE STATE OF LOUISIANA VS. JOHN BARFIELD ET AL.

Where an indictment for a prescriptible offense is filed more than a year after its commission, and prescription is therein negatived by the usual averments, the onus is not on the State to prove the negative, but on the defendant to establish the affirmative; *i. e.*, that the commission of the offense was made known to some competent officer more than one year previous.

Where a horse was stolen in one parish and sold in another, to a person who, at the time, was a justice of the peace in the latter parish, from whom it was recovered by the owner, a knowledge of the crime thus derived by such officer, to whom the name and whereabouts of the offender is unknown, and being without authority or jurisdiction in the parish where the crime was committed, does not affect the question of prescription.

The information to such officer, in contemplation of law, to have such effect must arise from a formal complaint before him.

Where, after a jury retires to make up their verdict, the court adjourns till the following morning, and subsequently the judge being informed that the jury has agreed and desires to deliver the verdict, convenes the court before the time to which it was adjourned has arrived, and receives the verdict, and the prisoner and his counsel are present and make no objection, such alleged irregularity cannot vitate the verdict.

APPEAL from the Third District Court for the Parish of Union. *Graham*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

Defendant unrepresented in this Court.

The opinion of the Court was delivered by

Todd. J. The defendants, John Barfield and E. C. Duval, after trial and conviction for horse-stealing, were sentenced to imprisonment at hard labor in the penitentiary, the former for one year and the latter for four years, and have appealed.

No counsel has appeared for them in this Court, but we find in the record several bills of exceptions which disclosed the following facts:

The information was filed more than one year after the offense was alleged to have been committed, and contained the negative averment that the offense had not been made known to a public officer whose duty it was to direct a prosecution within one year next preceding the filing of the information.

It appears from the bills that the horse was stolen in the parish of Union and was sold to a person in the parish of Ouachita, who at the time was a justice of the peace in the latter parish, from whom the property was subsequently recovered by the owner. The person thus injured, it is shown, did not know the name of the offender, nor their whereabouts at the time of the commission of the offense, but subse-

quently being informed in these respects, made the proper affidavit and caused their arrest in the parish of Union, where the larceny was committed; these steps being taken within the year preceding the filing of the information.

The alleged errors complained of are:

1. That the judge refused to charge the jury in substance that, where the indictment showed that the crime was committed more than a year previous to its finding, the defendants could not be legally convicted unless the indictment negatived prescription and the State had sustained said negative averment by proof.

The judge held, under the authority of State vs. Barnard, 31 A. 694, that the burden was not on the State to establish the negative, but on the accused to prove the affirmative; *i. e.*, that knowledge of the crime had been imparted to a proper or competent officer more than a year before the institution of the prosecution.

The ruling is in accord with the authority invoked and sustained by the reasons given in the decision referred to, from which we quote, as follows:

"Ordinarily, a negative averment has not to be proved, and often cannot be. The negation is not susceptible of proof, other than by proof of the affirmative fact which is denied. The negation here is, that knowledge of the crime was not brought to a public officer of requisite authority. The proof must be of the affirmative fact, that such knowledge was thus brought to him. Upon whom is the onus?

"It must rest on the party who can most conveniently and most certainly make the proof. Now, an affirmative can more certainly, naturally and legally be proved than a negative. If the onus is on the State, then it must prove that knowledge was not brought to any of its officers who had authority to investigate the crime. It must prove a universal negative. If the onus is on the defendant, he need only prove that knowledge was brought to one of such officers. He need only prove a particular affirmative."

2. The trial judge was also asked to charge to the effect that the knowledge of the affair possessed by the person to whom the stolen property was sold, who was a justice of the peace at the time, constituted the knowledge or information in a public officer, from which prescription for the alleged offense would begin to run.

The judge, considering that the party injured by the theft was not an officer in the parish where the larceny was committed, and that both the names of the offenders and their whereabouts were unknown to him when the crime was discovered, and believing also that the informa-

tion to a public officer intended by the statute touching the prescription of offenses, was that founded on a complaint made before a justice of the peace, so far as relates to that officer, as directed by sec. 2065, R. S., refused to so charge.

His conclusion, in our opinion, is undoubtedly correct.

The law, in the requirements referred to, did not mean that the effect contended for should be given to the personal knowledge possessed by a person, though an officer, who had no authority or jurisdiction in the parish where the crime was committed and where the name of the perpetrator was unknown to him; and it is quite as evident that such a result touching the question of prescription would only flow from information made known to the justice in his official capacity in the manner prescribed by the statute.

3. Complaint is made that, after the jury were charged and retired, the court was adjourned till the morning following, but that the judge having been informed that the jury had agreed and desired to deliver their verdict, immediately convened the court at night and received the verdict.

If this was an irregularity, as charged, it could not be held as sufficient to vitiate the verdict in the face of the fact that both the prisoners and their counsel were present at the convening of the court and the delivery of the verdict, and made no objection thereto, nor to any proceeding connected therewith, and they must be considered as acquiescing therein--at least as to the regularity of said proceedings—and their objection urged was evidently an after-thought and cannot be listened to.

4. There are other bills which require no special notice or consideration, since from an attentive examination of them we find them wholly without merit.

Judgment affirmed.