State vs. Strong.

---

No. 10,047.

THE STATE OF LOUISIANA VS. WILL. A. STRONG.

An indictment, or information, which contains an averment negativing prescription, presents a material issue of facts, which a jury can alone decide.

It is the duty of the Auditor of Public Accounts to direct *prosecutions* in the name of the State, against officers or individuals who, by any means, become possessed of public money and fail to pay the same upon due and proper demand therefor.

On the trial of such offenders as may be charged with having possessed themselves of a portion of the public money, by means of Auditor's warrants drawn upon the State Treasury, a transcript from his books is competent evidence

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

---

*M. J. Cunningham*, Attorney General, and *L. D. Beale*, District Attorney, for the State, Appellee :

When the trial judge refuses a continuance for want of due diligence in procuring the attendance of absent witnesses, his ruling will not be disturbed, unless it clearly appear that his discretion has been abused. 37 Ann. 128, 774, 786; 31 Ann. 179, 408; 34 Ann. 381; 34 Ann. 679; 36 Ann. 153, 852, 872.

As non-resident witnesses can be summoned or attached in vacation (R..S. 1026), it is not due diligence for defendant to wait till court meets and his case is fixed for trial to make the necessary affidavit to procure subpœnas for witnesses residing in distant parishes.

A defendant failing to give the city address of a witness residing in New Orleans, does not use due diligence to procure his attendance.

Defendant is not entitled to a continuance on account of the absence of witness whose evidence is material, and its materiality must appear from the affidavits for continuance and attachments.

When defendant is prosecuted for the embezzlement of money actually received, evidence as to amounts due him and never paid him is not material or relevant.

Defendant is not entitled ts a continuance when the facts claimed to be provable by the absent witnesses could be established by other evidence.

The Attorney General engaged in the prosecution cannot be excluded from the court-room on the ground that he is a witness in the case. In any case the power to exclude witnesses is discretionary. Wharton's Pl. and Pr., § 569; Bishop's Cr. Pro. §§ 1086, 1887.

A Secretary of State receiving the proceeds of election tickets, paid for by State, and by him sold under the provisions of Act 101 of 1882, is indictable for its embezzlement under R. S. 903.

A person embezzling money by virtue and under color of his office or employment cannot be heard to question the right of his principal, or the legality of his own act in receiving it. Wharton's Cr. L. (8th ed.), §§ 1024, 1025, 1038.

R. R. 176, 17th paragraph, empowers the Auditor to direct prosecutions, by civil action, for debts due the State, and has no reference to prosecutions for crime.

Prescription begins to run in favor of an offender only from the time his offense is made known to a public officer having the power to put the machinery of the courts in motion for its punishment, and this includes only the Attorney General, the District Attorney, the grand jury and a magistrate, perhaps, if an affidavit is made before him. R. S. 986. And facts must be made known to the officer which constitute an offense.

The question as to whether a verdict is contrary to the law and evidence, and the question as to the amount embezzled, in prosecutions for embezzlement, are questions of facts, not subject to review on appeal.

When the information charges the embezzlement of a specific amount, and the jury finds the accused " guilty as charged," the verdict is for the amount charged in the bill.

When the information charges the embezzlement, on the day the officer's term expired, of money received by him at different dates, the date of the embezzlement is specifically charged. But even if the bill is defective in this particular, defendant's remedy was to demand a bill of particulars before the trial, and such defect cannot be taken advantage of by motion in arrest. Wharton's Cr. L. (8th ed.), § 1048, and authorities cited; Wh. Pl. and Pr., §§ 157, 702, 703, 407 b; Bishop's Cr. Pro., §§ 643 to 646.

It is unnecessary to allege the particular manner in which the embezzlement was committed. Various amounts may have been embezzled in different ways, but failure to pay demand is sufficient prima facie proof of embezzlement of the whole. R. S. 903.

It is unnecessary to allege by whom the demand was made; but any defect in the proof as the authority of the officer making the demand would have to be taken advantage of by objection to evidence, or by charge requested, and cannot be reached by motion in arrest.

An information charging the embezzlement of the proceeds of election tickets sold by defendant, is not open to the charge of duplicity, because it explains that said election tickets had been paid for with money drawn from the Treasury—which explanation was necessary to show the State's right to the proceeds.

The prescription of six months against prosecutions for fines or forfeitures under R. S. 986, does not apply to crimes and offenses merely because the penalty therefor, or part thereof, may be a fine.

Under that section only the prescription of twelve months bars prosecution for crimes and offenses, whatever be the character of the penalty.

The object of a prosecution for embezzlement is to punish the crime, and not to recover the fine, although it is a necessary part of the penalty. 13 Ann. 369; 15 Ann. 499.

Sections 903 and 904 of the Revised Statutes are not repealed by Sec. 88 of Act No. 68 of 1870, or by Sec. 90 of Act 42 of 1871.

*G. W. Buckner, K. A. Cross, E. W. Sutherlin,* and *Young & Thatcher,* for Defendant and Appellant :

The offense charged was made known to the Auditor more than twelve months next preceding the filing the information, and is therefore prescribed. Section 176, paragraph 7, R. S.; Act 42 of 1871, section 92. Case of State vs. H. C. Dibble, No. 1847, Sup. Criminal Court of Parish of Orleans.

The judgment should be arrested, because sections 903, 904 R. S., are repealed by section 88, Act 68 of 1870, and section 92 of Act 42 of 1871. which provide that the prosecution shall be by indictment, and therefore indictment is the only method allowed. Hawkins' Pleas of the Crown, vol. 2, pp. 301, 302; 1 Burrows, pp. 544, 545; 2 Burrows, p. 803; 1 Cranch 252; Woods' U. S. Circuit Reports, vol. 1, p. 227; Woodbury & Minots' Mass. Reports, vol. 3, p. 345; 7 Robinson 173; State vs. H. C. Dibble, Sup. Court, parish of Orleans, No. 1443.

The charge of the trial judge, that no one but the Attorney General, District Attorney or magistrate with criminal jurisdiction, is authorized to direct a criminal prosecution, is wrong, and misled the jury. R. S., Secs. 994, 176; Act 42 of 1871, Sec. 92.

The verdict is nugatory, because a special verdict was necessary where the punishment, is imprisonment, fine and restoration. 5 Ann. 329; 2 Eastman's Pleas of the Crown, 708, 784 ; 5 Burrows 2662.

The opinion of the Court was delivered by

WATKINS, J.   The defendant is proceeded against by information, under Sec. 903 of the Revised Statutes, on the charge of embezzlement of public money, property of the State, while he was Secretary of State; and from a verdict of guilty and sentence by the court to fine and imprisonment at hard labor, he has appealed, and rests his claim to relief upon several bills of exception taken to the rulings of the trial judge, refusing to grant a continuance to obtain the attendance of absent witnesses; declining to give him a new trial; refusing to give to the jury certain special charges, and refusing to arrest the judgment.

I.

Counsel for the accused sought to arrest the judgment and sentence of the court on the ground that Sec. 903 *et sequentes* of the Revised Statutes, under which this information was found, had been repealed by Sec. 88 of Act 68 of 1870, and Sec. 90 of Act 42 of 1871, both of which provide for the prosecution of such cases by *indictment* only,

and that he cannot be legally punished under verdict and sentence on information, as demanded.

We are fully satisfied, from a careful examination of those acts, and comparisons made with the provisions of the sections of the Revised Statutes referred to, that there is no inconsistency between them, and that the latter is not repealed. As this prosecution was instituted under those sections, the provisions of those acts are not necessarily involved. The Constitution declares that prosecutions may be by indictment or information. Art. 5.

## II.

The defendant tendered a plea of prescription of one year, and demanded his discharge from prosecution on that ground, without avail, and renews that resistance here.

The information charges that the defendant did, on the 22d of May, 1884, then and there being Secretary of State, embezzle the sum of $4251 85, money belonging to the State, "which money he, the said Will. A. Strong, had theretofore, to-wit: From the 15th day of August, 1882, to the 5th day of May, 1884, both inclusive, received, and been entrusted with in his said official capacity, and under color and by virtue of his said office of Secretary of State, as the proceeds of election tickets sold by him, and for his account, under the provisions of Act 101 of 1882, which election tickets had been paid for with the money of the State, drawn from the State Treasury, out of the appropriation made for election purposes, under the appropriation bill of 1882, Act 63 of said year, on Auditor's warrants, issued on the orders and vouchers of said Strong, from the 6th day of September, 1882, to the 28th of April, 1884, both inclusive; which money, to-wit, the sum of $4251 85, the property of the State of Louisiana, as aforesaid, he, the said Will. A. Strong, has failed to pay, or account for to the State, notwithstanding due and legal demand made upon him therefor; and which money the said Strong did then and there, to-wit, the 22d day of May, 1884, feloniously, wrongfully, fraudulently and corruptly use, dispose of, conceal, convert to his own use, and embezzle."

The information contains an averment to the effect that it was presented and filed within one year next after the offense had been made known to a public officer having power to direct a prosecution.

As thus presented, the evidence of prescription vel non was properly submitted to the jury.

It was a proper issue for them to try. It was a question of fact appertaining to the merits of the controversy, which could be passed upon

State vs. Strong.

by the jury *alone*.    36 Ann. 975, State vs. Victor; 7 Ann. 255, State vs. Foster.

During the progress of the trial it became an important question in the case whether the Auditor of Public Accounts was authorized to direct prosecutions in the name of the State, and the defendant's counsel requested of the trial judge the following special charge to the jury, viz:

"That the Auditor of Public Accounts of the State of Louisiana was, as public officer, authorized by law to direct prosecutions in the name of the State of Louisiana, for all official delinquencies against all the debtors of the State, in cases such as the one on trial; therefore, if you find from the evidence that the defendant did embezzle the public moneys of the State of Louisiana, as is alleged in the bill of information, then, and in that event, if you find from the evidence that such official delinquency was made known to the Auditor of Public Accounts for more than twelve months after the expiration of defendant's term of office as Secretary of State, and for more than twelve months before the information was presented and filed in this case, the defendant cannot be punished therefor, and it is your duty to acquit him."

The trial judge declined to give this in his charge to the jury on the ground that the "Auditor is authorized to direct prosecutions by *civil* action alone; and that no one but the Attorney General, District Attorney, or magistrate, with criminal jurisdiction, is authorized to direct *criminal* prosecutions, like the one at bar."

This ruling was manifestly erroneous.

The duties of the Auditor of Public Accounts are specifically enumerated in sections of the Revised Statutes, 172 *et sequentes;* and 176 declares, in express terms, that "it shall be his duty    *    *    *    to *direct prosecutions* in the name of the State for all official delinquencies in relation to the assessment, collection and payment of the revenue; against all persons who, by any means, become *possessed* of public money or property, and *fail* to pay, or deliver the same; and against all debtors of the State."

The language herein employed is quite similar to that of the Statute in reference to the prescription of offenses. It declares that "no person shall be prosecuted, tried or punished for any offense, wilful murder, etc., excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall have been made known to a public officer having the *power to direct the investigation* or prosecution." R. S., Sec. 986.

Not only does the statute quoted confer the *power* on the Auditor, but it makes it, unmistakably, his "duty" to "direct prosecutions in the name of the State," in each of the three following cases, viz:

1. "For all official delinquencies in relation to the assessment, collection and payment of the *revenue*."

2. "Against all persons who, by *any* means, become possessed of *public money* or property, and *fail to pay* or deliver the same."

3. "Against all debtors of the State."

The charge against the defendant comes within the terms of paragraph second, as he is alleged to have embezzled public money, property of the State, which he had received and been entrusted with, as Secretary of State—same being the proceeds of the sale of election tickets, which had been paid for with the money of the State, drawn from the State Treasury, on warrants issued by the Auditor, and against an appropriation made by the Legislature for that purpose.

Indeed, upon the trial of persons thus charged, the books of the Auditor are not only *competent* evidence, but the statute of 1871 declares that "upon the trial of any such officer for embezzling public money, under the provisions of this act, it shall be *sufficient* evidence for the purpose of showing a balance against such officer or person, to produce a *transcript from the books of the Auditor of Public Accounts*, and proof of the refusal of any such officer, or person, whether in or out of office, to pay," etc. Sec. 90 Act 42 of 1871.

By the terms of Sec. 91 of Act 68 of 1870 it is made the duty of the Auditor to cause a thorough examination to be made as often as once in every six months, "of all the receipts and business, books and vouchers of each collector and each receiver * * and every other State officer, or agent, having an office in which business of the State is attended to, done or performed," etc.

By the terms of Sec. 92 of Act 42 of 1871, it is provided that if, in the course of any such examination, any evidence of embezzlement, or breach of trust is discovered on the part of any officer, or persons whose accounts have been thus examined, the same shall be made known to the Auditor, "and it *shall be the duty* of the said Auditor to *forthwith cause the arrest* of collector, receiver, or agent, or person, or persons, whose official functions shall be suspended," etc.

We are at a loss to conceive of any room left, in the face of such provisions, for any argument in support of the theory that the Auditor is not, in the eye of the law, a public officer, "having the power to direct an *investigation*, or prosecution" within the intendment of Sec. 986 of the Revised Statutes,

The quoted provisions of those statutes deal with the same subject-matter as that treated of in R. S., Sec. 903 *et sequentes*, and are entirely consistent therewith.

We are of the opinion that the charge requested was a proper one, and that it was error on the part of the trial judge to have refused it. This was evidently to the prejudice of the accused, and he is therefore entitled to a new trial.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury be set aside, the sentence of the court arrested, and the cause remanded to the lower court for further proceedings, according to law and the views herein expressed.

Mr. Justice Fenner dissents, and files a separate opinion.

## DISSENTING OPINION.

FENNER, J. Section 986 R. S. provides: "No person shall be prosecuted for any offense, wilful murder, etc., excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall have been made known to a public officer having the *power* to direct the investigation or prosecution."

It is obvious that the "public officer" referred to is one whose official duty it is to inaugurate criminal proceedings for offenses of which he has cognizance, and who represents the State in such proceedings. It is the negligence of the State, through her officers authorized and required to represent her in such matters, which forms the basis of prescription.

In a certain sense, every public officer, in common with every citizen, has the power to inaugurate criminal prosecutions for any offense, by making affidavit before the proper authority; but their neglect to do so would operate no basis for prescription, except in the case of public officers, to whom the State had confided the right and duty to act as her agent in such matters, and whose neglect would be the State's neglect.

Such, I think, to be the clear meaning of the statute.

The Auditor of Public Accounts is a constitutional officer, whose duties appertain to the fiscal department of the government, and who has no connection whatever with the administration of criminal justice, except where duties in connection therewith are imposed by special statute, as for instance, by Sec. 92 of the Revised Statutes, Act No. 42 of 1871.

The claim of defendant that such duties are imposed on the Auditor by Sec. 176 of the Revised Statutes, I think, has no foundation. That

section, in ten paragraphs, defines the various duties of the office, all of which, as therein set forth, relate to the fiscal affairs of the State ; and the seventh paragraph makes it his duty : " To direct prosecutions in the name of the State for all official delinquencies in relation to the assessment, collection and payment of the revenue against all persons who, by any means, become possessed of public money or property, and fail to pay or deliver the same, and against all debtors of the State."

If, instead of the words " direct prosecutions," the words " direct suits " had been used, no one would have supposed, for an instant, that anything was intended except *civil* suits.

But the word " prosecution " by no means necessarily refers to criminal proceedings.

It is equally applicable to civil actions.

Mr. Abbott gives the following definition :

" Prosecute : To carry forward, wage or maintain a judicial proceeding.

" Prosecution : The act of conducting or waging a proceeding in court."

We commonly speak of *prosecuting* a civil, as well as a criminal, action.

The use of the word, therefore, leaves us at entire liberty to determine in what sense the Legislature used it.

When we find that the prosecutions directed are to be " against all persons who by any means become possessed of public money or property and fail to pay or decline to deliver the same, and against *all debtors of the State*," the inference seems irresistible that civil suits for the recovery of the money or property or of debts due the State are alone contemplated, since it is evident that debtors of the State and even persons who come into possession of money or property belonging to her, are not necessarily criminal, and the same may be said of delinquent revenue officials, who may or may not be criminals, and whose prosecution for criminal delinquencies is provided for in the revenue laws of the State.

This view is strengthened by the use of the words " in the name of the State," which would be the sheerest superfluity, if criminal proceedings were referred to, because these are, always and necessarily, carried on in the name of the State ; whereas, in order to bring a civil suit in the name of the State, the Auditor required special authorization to that effect.

Considering, further, that the representation of the State in criminal

proceedings is confided to special officers established for that purpose by the Constitution and laws, and that such duties are utterly foreign to the functions of the Auditor of Public Accounts, I think the Auditor does not belong to the class of public officers referred to in section 986 R. S., and must, therefore, dissent from the opinion and decree of the court.