O’NIELL, J.
(concurring in the result). I dissented from the opinion in State v. Bischoff, 146 La. 748, 84 South. 41, in which it was held that the burden rested upon the state to prove that the commission of the ; offense charged was not. known to an officer having power to direct a public prosecution a year or longer before the indictment was found against the party accused. Section 986 of the Revised Statutes does not merely provide that a person shall not be convicted unless the indictment or presentment be found within the year after the offense shall have been known to a public officer having power to direct a prosecution. The statute declares that no person shall be prosecuted, tried or punished for any offense (with certain exceptions) unless the indictment or presentment be found or exhibited within the year after the offense shall have been made known to a public officer having power to direct a prosecution. Therefore a person indicted for a crime alleged to have been committed a year or longer before the indictment was found has a right to avoid being prosecuted or tried for the offense. To avoid prosecution or trial, he has the right to plead the prescription as a bar to the prosecution, and to have the question of fact as to whether the commission of the offense was made known to an officer having power to prosecute a year or longer before the offense is alleged to have been committed. Undoubtedly this plea in bar of a prosecution .is a plea of prescription or statute of limitation. It is referred to twice in the statute as “the prescription and exemption hereinabove provided.”
I concede that the defendant, in such case, may allow the question of prescription to be submitted to and decided by the jury. But, even then, I submit that the burden of proof would be upon the defendant to show by a preponderance of evidence that the commission of the offense was known to an officer having the power to direct a prosecution a year or longer before the indictment was found. If the burden of proof was upon the state to show that the commission of the offense was not known to a public officer hav *579 ing power to direct a prosecution a year or longer before the indictment was found, the proof would have to be such as to convince the jury of the fact beyond a reasonable doubt; which would be utterly impossible. It was so observed in State v. Barrow, 31 La. Ann. 691; State v. Barfield, 36 La. Ann. 90; and State v. Robinson, 37 La. Ann. 676. Those decisions were overruled by the decision in State v. Bischoff. But I submit, with great respect, that the reasoning of the latter opinion is not sound. For example, it is said, on page 773 of 140 La., and page 50 of 84 South., of the report:
“It seems to us perfectly plain that the person who has acquired knowledge of a certain fact knows best when, where, and under what circumstances, the knowledge was acquired. For instance, the allegation in this case is that the knowledge was first made ^inown to an officer on the 29th day of January,' 1919. Why could not that fact have been proved? If the district attorney could be so precise in alleging it, why could he not prove it? The prosecuting officers must unquestionably know in every case when, from whom, and under what circumstances they first became informed of an offense having been committed. Why may they not make proof of those facts?”
The answer to that argument is obvious. All that any prosecuting officer knows, in that respect, is when, from whom and under what circumstances, he first became informed of an offense having been committed, lie does not know when, from whom or under what circumstances, any other officer might have been informed of the offense having been committed.
The reason why an indictment for an offense alleged to have been committed a year or longer before the indictment is found must contain the allegation that the commission of the offense was not made known to an officer authorized to prosecute a year or longer before the indictment was found is that that allegation is necessary to show a legal right to proceed with the prosecution or trial. If the averment is not controverted, either by a plea of prescription or by evidence offered on the trial, it is presumed to be true. The presumption is like the maxim, “Omnia rite acta.” The presumption is that all public officers who had the power to prosecute for the offense have done their duty, and that the reason why the indictment was not found within the year after the commission of the offense is that it was not then known to any officer having the power to direct a prosecution.
It was also said in the Bischoff Case that, reasoning from “a purely common sense view of the matter,” if the district attorney had offered any evidence at all to show that the commission of the offense was not made known to a public officer a year or longer before the indictment was found, this court would have been deprived of jurisdiction to review the question. I submit that that reasoning is altogether inconsistent with the idea that the state must prove that all public officers having power to prosecute were ignorant of the commission of the offense until a date within the year preceding the finding of the indictment. Any fact which the state is required to prove, as an element of guilt of the party accused, must be proved, beyond a reasonable doubt.
In the majority opinion in this case, from which I respectfully dissent, the question as to when the commission of the offense was first made known to a public officer is treated, as a question of fact pertaining to the guilt or innocence of the party accused; and it was so regarded in the Bischoff Case. It is a question of fact, but it has nothing to do-with the question of guilt or innocence'. That is why this court would have jurisdiction to review the evidence on the question of fact, as to when the commission of the offense was first made known to a public officer, if the plea of prescription had been filed as a separate plea, in bar of the right of the district attorney to proceed with the prosecu *581 tion or trial. If the plea had been thus filed as a special plea, it should have been tried and decided by the judge before allowing the district attorney to proceed with the prosecution or trial of the case on its merits. In that event, either side would have had the right to bring up the evidence for review before this court, as provided by Act 113 of 1S96.
I do not agree with the statement in the majority opinion in this case that this court has jurisdiction,to pass upon the sufficiency of the evidence offered on the question of who provoked the difficulty, or who committed the first overt act, in passing upon a plea of self-defense. In such case, we may consider the evidence merely to determine whether the pica of self-defense was an issue before the jury. If it was, then evidence of previous threats or difficulties, or of the dangerous character of the deceased, was admissible; but the evidence on that question pertains directly to the question of guilt or innocence of the party accused,'which question the jury alone must decide. The Constitution does not purport to deprive this court, or the trial judge, in a criminal prosecution, of jurisdiction to pass upon questions of fact upon which rulings are based and which do not pertain to the question of guilt or innocence of the party accused. For example, we pass upon questions of fact relating to the competency of jurors or witnesses ; questions of fact as to whether a declaration offered in evidence as a dying declaration was such; the question of fact as to whether the offense was committed in the parish in which the prosecution is attempted; the question of fact as to whether the accused is sane at the time he is put on trial. Such questions of fact have nothing to do with the question of guilt or innocence and are within the jurisdiction of this court. The question of fact as to whether the right of the state to prosecute or try the parly accused is barred by .the prescription of one year, under section 9S6 of the Revised Statutes, has nothing whatever to do with the question of guilt or innocence of the party accused. Article 179 of the Constitution declares merely that—
“The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence,” etc.
The article does not confer upon the jury authority to pass upon questions of fact which do not pertain to the question of guilt or innocence.
My opinion is that the confusion and ir- ' reconcilable conflicts that have crept into the jurisprudence of this court, upon the question of our having or not having jurisdiction to decide questions of fact in criminal cases, have resulted from a failure to observe the difference between those questions of fact which do and those which do not pertain to the question of guilt or innocence of the party accused. The failure to observe the distinction has resulted in some decisions which very clearly violate the plain language of the Constitution. The error ought to be corrected, not perpetuated.
I concur in the decree in this case because the defendant did not prove, by a preponderance of evidence, that the commission of the offense was known to an officer having power to prosecute a year or longer before the indictment was found.