SHORTESS, Judge.
Relator, Francis Hebert, III, was charged with cruelty to animals. LSA-R.S. 14:102.1. He was convicted in the City Court of Houma and sentenced to 60 days in jail. Execution of the sentence was suspended, and relator was placed on supervised probation for a two-year period with special conditions.
Relator applied for writs to this court, arguing that the trial court erred by failing to inform him of his right to a trial by jury. We granted certiorari in order to fully examine relator’s contention and to set this case in the proper procedural posture.
LSA-R.S. 14:102.1(B) provides: “Whoever commits the crime of cruelty to animals shall be fined not more than one thousand dollars, or imprisoned for not more than six months, or both.” Since the possible fine herein exceeds $500.00, relator was entitled to trial by jury. See LSA-C.Cr.P. art. 779. Finding no jury waiver of record, we conclude that relator’s argument has merit. Moreover, we note that a jury trial could not have been conducted in Houma City Court. See LSA-R.S. 13:1895.
Additionally, we note that relator’s remedy in seeking review on this matter is actually by appeal rather than by application for writs. A defendant may appeal to the Court of Appeal from a judgment in a criminal case when it is triable by a jury. See La.Const. art. V, § 10(A)(3); LSA-C. Cr.P. art. 912.1(B). Since, as previously noted, relator was entitled to a jury trial, this matter was appealable.
We note that relator filed a motion for a writ of review within five days of his sentencing on this charge. This motion was filed within the delays for appeal. See LSA-C.Cr.P. art. 914. Relator intended to pursue his right to review but chose the wrong procedural avenue. We find that the filing of the motion for writ of review was sufficient to preserve relator’s right to appeal. Therefore, we conclude that relator has effectively appealed this matter.
This court will not consider by application for writs a matter which should have been presented on appeal.[1] Relator has effectively preserved his right to appeal. This matter is hereby remanded to the trial court for the setting of a return date and delays for filing a designation of the record and assignments of error.
REMANDED.

. Writ applications are ordinarily handled by this court more expeditiously than appeals. In addition to the legal procedural problems which would be created by considering appealable cases on writs, it would be patently unfair to those litigants who properly appeal to consider on writs cases which should have been appealed.