LeBLANC, Judge.
Francis J. Hebert, III, was charged with cruelty to animals, a violation of LSA-R.S. 14:102.1. He was convicted in the City Court of Houma and sentenced to sixty days in jail. Execution of the sentence was suspended, and defendant was placed on supervised probation for a two-year period with special conditions.
Defendant applied for writs to this Court, arguing that the trial court erred by failing to inform him of his right to a trial by jury. We granted certiorari, concluding that defendant’s argument has merit. However, in order to put the case in the proper procedural posture, the matter was remanded to the trial court for preparation of a complete appellate record. State v. Hebert, 517 So.2d 197 (La.App. 1st Cir.1987).
Defendant brings this appeal, urging two assignments of error:
(1) The trial court committed reversible error by failing to inform defendant of his right to trial by jury.
(2) The trial court committed reversible error in failing to obtain a knowing and intelligent waiver of defendant’s right to a jury trial.
At the time of the instant offense, LSA-R.S. 14:102.1(B) provided:
B. Whoever commits the crime of cruelty to animals shall be fined not more than one thousand dollars, or imprisoned for not more than six months, or both.[1]
*638 Since defendant was exposed to a maximum penalty exceeding a five hundred dollar fine, he was entitled to a jury trial. See La.C.Cr.P. art. 779.[2] Finding no jury waiver of record, we conclude that defendant’s arguments have merit.
Moreover, the city court was without jurisdiction to hear this case, because defendant was entitled to a jury trial. LSA-R.S. 13:1895. Because the Houma City Court, in which the case was originally tried, has no jurisdiction in jury cases, the matter is hereby transferred to the 32nd Judicial District Court for the Parish of Terrebonne for a new trial.[3] No issue of double jeopardy arises on retrial of this case because of the City Court’s lack of jurisdiction. La.C.Cr.P. art. 595(1).
CONVICTION AND SENTENCE VACATED; CASE TRANSFERRED TO THIRTY-SECOND JUDICIAL DISTRICT COURT FOR THE PARISH OF TERRE-BONNE.

. LSA-R.S. 14:102.1 was amended by Acts 1987, No. 336, § 1 to provide:
B. Whoever commits the crime of cruelty to animals shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
The instant offense occurred on October 11, 1986, prior to the effective date of the amendment to this statute. The penalty provision in *638 effect at the time of the offense is the applicable provision. See State v. Clark, 391 So.2d 1174, 1176 (La.1980).

. At the time of the instant offense, Louisiana Code of Criminal Procedure article 779 provided, in pertinent part:
A defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
Louisiana Code of Criminal Procedure article 779 was amended by Acts 1988, No. 202, § 1 to provide, in pertinent part:
A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
Defendant was tried on January 12, 1987, prior to the effective date of this amendment.

. The amendment of Louisiana Code of Criminal Procedure article 779 cannot be applied retroactively to defendant so as to deprive him of his right to be tried by a jury. See State ex rel. Sherburne v. Baker, 50 La.Ann. 1247, 24 So. 240 (1898). Such application would materially impair defendant's right to have the question of his guilt determined according to the law as it was when the offense was committed. See State v. Sepulvado, 342 So.2d 630, 635 (La.1977). Contrast State v. Johnson, 458 So.2d 1301, 1303 (La.1984), wherein defendant was not deprived of a right to jury trial to which he was otherwise entitled.