WARD, Judge.
Stanley Barre was charged by bill of information with the crime of indecent behavior with his juvenile daughter, Angelina, a violation of R.S. 14:81. Barre filed a motion to quash alleging the State’s right to charge him was barred by C.Cr.P. art. 572 which sets time limitations for the institution of prosecutions. The State appeals the Trial Court’s ruling quashing the bill of information. We affirm the ruling of the Trial Court.
The bill of information filed May 5, 1987 when Angelina was 16 years old charged that the offense occurred between November 5, 1977 when Angelina was six years old, and December 31, 1980 when she was ten.
When Barre and Angelina’s mother, Gloria Rock, were divorced in 1980, Mrs. Rock was granted custody of Angelina. Although there were no visitation provisions in the custody judgment, Gloria Rock gave Barre liberal visitation privileges. Angelina visited Barre regularly at his home, frequently staying with him on weekends and even for several weeks during the summer months. She was never forced to visit her father; in fact, she initiated many of her visits, even after the time the alleged offense occurred. Without explanation, Angelina decided in 1982 she would no longer visit Barre.
R.S. 14:81 defines indecent behavior with juveniles and provides punishment - by a fine of not more than $5,000 or imprisonment with or without hard labor for not more than 7 years or both. C.Cr.P. art. 572 imposes a time limit on the institution of prosecution of offenses punishable with or without hard labor; and, unless prosecution is instituted within four years after the *843 offense has been committed, an accused cannot be charged or prosecuted. Paragraph (4) of art. 573 carves out exceptions to the four year limitation of art. 572.
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where: ...
(4) The offense charged is one of the following ... indecent behavior with juveniles (R.S. 14:81) ... and the victim is under the domination or control of the offender while under seventeen years of age. Amended by § 1; Acts 1987, No. 587, § 1. (emphasis added)[1]
The State argues because of the father-daughter relationship, Angelina was under the “domination or control” of Barre at the time the bill of information was filed; hence the running of prescription under art. 572 was interrupted.
Testimony of Angelina and her mother does not support the State’s contention. They both stated Angelina was never forced to visit Barre, and she would often call him and arrange to see him even after the alleged offense. Gloria Rock testified she spoke to both of her children about sexual abuse on at least one, possibly two, occasions in 1982. Angelina never informed her mother or any other adult about Barre’s alleged acts until March of 1985. In 1982 when Angelina decided to stop seeing her father she was either 12 or 13.
Although Angelina testified she did not tell her mother of her father’s behavior because she loved her father and did not want to cause trouble, she also testified she did not fear physical harm from her father if she revealed his behavior.
The State suggests that art. 573 is intended to protect victims in a relationship where “domination and control” would silence their cry for help. The State also contends that a father-daughter relationship is precisely the type of “relationship or status” art. 573 contemplates.
Although the State need not allege facts showing the time limitation has not expired, once the issue is raised, the State has the burden of proving that the prosecution was timely instituted. State v. Aucoin, 457 So.2d 885, 886 (La.App. 3 Cir.1984). In this case, the State bore the burden of proving that the exception in art. 573(4) was applicable.
Art. 573 is conjunctive. It requires a showing of a relationship or status and proof of “domination or control” by the offender over his victim while the victim is under the age of 17. The Trial Court after hearing the testimony concluded that the State had not met its burden of proof.
The record supports a finding that the victim was not under the domination or control of the defendant during a continuous period exceeding four years prior to the institution of prosecution. Angelina, of her own volition, stopped seeing her father in 1982 but did not make the allegations against him until May 1987 when the bill of information was filed. Under La.C.CR.P. Arts. 572 and 573, therefore, prosecution is barred by the expiration of the time limitations for institution of prosecution. The Trial Judge correctly quashed the bill of information, and we affirm.
AFFIRMED.

. Act No. 436 of the 1988 Regular Session of the legislature amended C.Cr.P. art 573(4) eliminating the requirement the victim must be under the control or domination of the offender.