DUFRESNE, Judge.
The defendant, Cedric Palmer, was charged by bill of information filed on July 31, 1989 with two counts of molestation of a juvenile and one count of cruelty to a juvenile. (LSA-R.S. 14:81.2 and LSA-R.S. 14:93, respectively). At arraignment on October 3, 1989, the defendant pled not guilty to all counts. Following the trial court’s denial of a motion to quash the defendant pled guilty to one count of molestation of a juvenile (count two was dismissed) and one count of cruelty to a juvenile in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) while reserving his right to appeal the denial of the motion to quash in accordance with State v. Crosby, 338 So.2d 584 (La.1976). Thereafter, the trial court sentenced the defendant to two years in parish prison on each count with the sentences running concurrently; however, the trial court suspended the sentences, placed the defendant on active probation for two years subject to conditions, and transferred defendant’s probation to Dallas, Texas.
This appeal followed and the defendant urges one assignment of error: that the court erred in denying the motion to quash.
FACTS
Because of the defendant’s plea only a limited amount of facts were ascertainable from the record, that being that the defendant fondled his minor daughter’s vagina and squeezed his minor son’s testicles.
ASSIGNMENT OF ERROR
Defendant contends that the trial court erred in denying his motion to quash based upon the expiration of time limitations for institution of prosecution.
LSA-C.Cr.P. art. 572(2) provides that no person shall be prosecuted for a felony not necessarily punishable by imprisonment at hard labor unless the prosecution is instituted within four years of the offense having been committed. Both the molestation of a juvenile and cruelty to a juvenile provide for imprisonment with or without hard labor; therefore, the applicable prescriptive period is four years from the commission of the offense.
Although the state need not allege facts showing the time limitations has not expired, once the issue is raised the state has the burden of proving that the prosecution was timely instituted. State v. Barre, 532 So.2d 842 (La.App. 4th Cir.1988); State v. Aucoin, 457 So.2d 885 (La.App. 3rd Cir. 1984). The state filed the bill of information on July 31, 1989, charging that the molestation of a juvenile and cruelty to a juvenile occurred between January 1, 1981 and December 31, 1985. Subsequently, at the hearing on the motion to quash it was stipulated that the defendant abandoned the matrimonial domicile on May 25, 1985.
Based upon that stipulation the defendant argued at the hearing that the latest the offenses could have possibly occurred was on May 25, 1985, and therefore the bill of information was not filed within the four year prescriptive period. However, after hearing the state’s argument that the prescriptive period was extended by the dominion and control over the victim by the defendant, the trial court denied the motion finding the institution of prosecution was timely.
LSA-C.Cr.P. art. 573 provides in pertinent part:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where:
* * * * * *
(4) The offense charged is one of the following: aggravated battery (R.S. 14:34); aggravated rape (R.S. 14:42), forcible rape (R.S. 14:42.1), sexual battery (R.S. 14:43.1), aggravated sexual battery (R.S. 14:43.2), oral sexual battery (R.S. 14:43.3), aggravated oral sexual battery (R.S. 14:43.4), carnal knowledge of a juvenile (R.S. 14:80), indecent behavior with juveniles (R.S. 14:81), molesta *748 tion of a juvenile (R.S. 14:81.2). crime against nature (R.S. 14:89), or aggravated crime against nature (R.S. 14:89.1), and the victim is under seventeen years of age.
On appeal defendant argues that in order to interrupt the prescriptive period, the state would have to show that the victims were under the dominion and control of the defendant; however, article 573 no longer requires such a showing. Moreover, without such a requirement, the exception of art. 573(4) was applicable to the molestation charge in that there was a relationship or status, molestation was one of the enumerated offenses and the victim was under the age of 17, therefore, the prosecution of that offense was timely because the prescriptive period was interrupted until the victim reached the age of 17.
However, the state did not meet its burden of proof to show that the cruelty charge was timely instituted. Because cruelty to a juvenile is not one of the enumerated offenses of art. 573(4) the state could not rely on an interruption of the prescriptive period. Although the bill of information charged that the offense was committed up until December 31, 1985, the state stipulated that the defendant abandoned the matrimonial domicile on May 25, 1985, and then offered no proof that the defendant had any contact with the victim after that date; therefore, the prosecution of the cruelty charge was barred by the expiration of the four year prescriptive period.
Considering the above, the trial court did not err in refusing to quash the molestation of a juvenile charge, but did err in not quashing the cruelty to a juvenile charge.
Consequently we affirm defendant’s conviction of molestation of a juvenile; set aside his conviction of cruelty to a juvenile; vacate his sentence and remand for re-sentencing.
CONVICTION AFFIRMED IN PART, SET ASIDE IN PART, SENTENCE VACATED AND REMANDED TO BE RE-SENTENCED.