No.  12,916.

STATE OF LOUISIANA EX REL.  J.  T.  SHERBURNE  VS.  JOSHUA  G. BAKER,  JUDGE.

The right of  trial by jury is a  substantial right which is not to be denied as to offences which had been committed  at  the date that the law was adopted. The provision in the Constitution of 1898 providing for the trial of criminal cases, not necessarily punishable at hard labor by the court, without a jury, is *ex post facto* in its application to offences committed before the Constitution was adopted.

ON APPLICATION for Writs of  *Certiorari* and Prohibition.

*Chaffe & Bowers* for Relator.

*John J. Finney,* Assistant District Attorney, for Respondent.

Submitted on briefs September 26, 1898.
Opinion handed down November 21, 1898.

The opinion of the court was delivered by

BREAUX, J. The relator was arraigned, pleaded not guilty, and elected to be tried by a jury.

Prior to his trial, the Constitution of 1898 was adopted, limiting the jurisdiction in the trial of a certain class of cases to the court alone.

When the case was called for trial, the relator urged that he was entitled to a trial by jury; that the act for which he was prosecuted was committed before the date of the adoption of the Constitution.

The court decided that he had no right to such a trial, proceeded to try the case, and found the accused guilty as charged.

He, averring that the new law would operate *ex post facto* if his conviction remains unreversed, invoked the supervisory jurisdiction of our court.

The Constitution of 1879, guaranteeing to the defendant the right of trial by jury, was in force at the date the act was committed.

There is weighty argument in support of the proposition that the Convention had the power to change the method of trial, as relates to minor offences, of a date anterior to the constitutional article in the Constitution of 1898, by transferring all judicial power of trial to the court alone, without a jury.

It is true that this court has passed upon questions similar to this, upholding such power.

In State vs. Carter, 33 An. 1214, the court expressly announced that the Legislature was competent to change judicial proceedings regarding trial for offences committed prior to the change. In State vs. Caldwell, 50 An., *ante,* p. —, it was decided that the constitutional inhibition regarding the enactment of *ex post facto* laws did not apply as to the question therein raised. The facts were not absolutely similar to those in the case before us for determination. The case before us is a stronger case for the accused.

There are at least two decisions, in other jurisdictions, in which the question now before us was presented, and a conclusion arrived at similar to the decision in the cited cases. McCarthy vs. State, 25 Pac. Rep. 299; *In re* Wright, 27 Pac. Rep. 565.

In the early days of the jurisprudence of the Supreme Court of the United States it was decided that the words *ex post facto* had a technical and restricted meaning in matter of law, and that they refer only to "crimes, pains and penalties," and do not include questions exclusively of remedy. Calder vs. Ball, 3 Dallas, 386, 401.

Such, in substance, was the definition of the correct and judicious Story, in his Commentaries on the Constitution. He cited a number of authorities in support of his text.

A law, unless it applied to crime itself, or unless in some way it aggravated the offence, would not be *ex post facto* in its effect if the foregoing definition be taken as correct and complete, and if as such it be closely followed.

But in course of time the definition of *ex post facto* was somewhat broadened in its effect or scope by the Federal courts. They recognized as prohibited, enactments when they attempted to make an act done before the passing of the law criminal which was not criminal when done, or when they sought to aggravate a crime or inflict a greater penalty, or to amend the rules of evidence that would make worse and more difficult the defence of an act of prior date.

This latter definition of the courts gave rise to argument different to that which we have heretofore characterized as of weight. It led to a different conclusion from that arrived at in the decisions cited *supra*. The use of juries in criminal cases from time immemorial, a system of trial, always referred to as being of the greatest importance in the administration of justice; the *palladium* of liberty as it is sometimes alluded to, all tended to give to the claim of trial by jury an inviolable character as related to acts preceding any substantial change in the law.

The last utterance of the Supreme Court of the United States is contained in Thompson vs. Utah, 170 U. S., pp. 343-355.

It is a case of recent date, to which our attention was lately invited. It was rendered only in April of this year, and was not before us when we decided the case in June last.

The accused in the last cited case was indicted for larceny, but he was tried after Utah had been admitted into the Union.

The defendant was found guilty. He moved for a new trial on the ground that the jury that tried him was composed of only eight persons, whereas, by the law in force at the time of the commission of the offence charged, the lawful number was twelve.

His application having been overruled, he excepted. He was sentenced. The judgment was affirmed by the Supreme Court of Utah.

The Supreme Court of the United States, on a writ of error, which that court had issued to the Supreme Court of Utah, said that by statutes of the Territory of Utah, in force when the offence charged was committed, a jury consisted of twelve persons, and held that twelve being the number, the State of Utah did not acquire as to offences previously committed the power to enact that the accused should be tried by a jury composed of less than twelve persons.

The court said: "It is not necessary to review the numerous cases in which the courts here determined, whether particular statutes come within the constitutional prohibition of *ex post facto* laws. It is sufficient, then, to say that a statute belongs to that class which by its necessary operation and its relation to the offence, or its consequences, alters the situation of the accused to his advantage," citing several decisions in support of the text. In that view, the law, as sought here to be applied, is *ex post facto*.

Some of the methods of trial may be changed, even as to offences of a prior date, but the law securing to the accused the right of trial by jury can not be repealed as relates to acts which had been done at the time of the repeal. The courts of the United States concluded that the provision of the constitution of Utah for the trial of cases committed before the territory became a State could not deprive the accused of the right of trial by jury of twelve persons, the number required by the statutes of Utah while it was a territory, and at the time that the offence charged was committed.

The right guaranteed to the accused in the cited case was equally as well guaranteed to the accused in the case here. The jury were the judges of the law and the facts of the case at the date he was indicted—*i. e.*, under the Constitution of 1879. The decisions of the Supreme Court of the United States are always entitled to consideration, especially those relating to questions here involved.

The accused in the case before us for decision had, in our view, a right to trial by jury, after the Convention had adopted the articles of the Constitution. The accused, we think, could, at the time his case was called for trial in the District Court, have been compelled to stand his trial before a jury as constituted; but not before the District Court without a jury. In other words, the law did not as to past offences, have the effect of repealing the old law.

It is therefore ordered, adjudged and decreed that the writs of *certiorari* and prohibition be and they are sustained to this extent: the judgment and sentence in this case are annulled and quashed as not good in law and the verdict found is set aside and the case is remanded to the District Court of the parish of Orleans to be proceeded with according to law.