SUMMERS, Justice.
 

 Three bills of information are involved herein and our decree with reference to one is applicable to all.
 

 David Ferrie was charged by bill of information on December 15, 1961, with violation of Article 81 of the Criminal Code^
 
 *419
 
 LSA-R.S. 14:81. In the bill of information ■as amended the offense is alleged to1 have occurred on March 26, 1960. Thus, the bill .of information was filed more than a year and eight months after the date of the commission of the offense.
 

 Article 81 of the Criminal Code, LSA-R.S. 14:81, defines-the crime of indecent behavior with juveniles and provides the penalty which is a fine of not more than five hundred dollars, or imprisonment for not more than one year, or both. Therefore, if Article 8 of the Code of Criminal Procedure, LSA-R.S. 15:8, is applicable, this prosecution is barred by the expiration of one year after the offense is made known to the judge, district attorney or grand jury having jurisdiction.
 

 Relying upon Article 8 of the Code of Criminal Procedure, LSA-R.S. 15:8, the accused filed a plea of prescription and motion to quash, alleging that the district attorney had failed to negative prescription by showing when the offense was made known to either the judge, district attorney or grand jury; and hence the bill of information, disclosing that the offense was committed more than one year prior to its filing, reveals that prosecution for this offense was barred.
 

 To the contrary, the State contends that this prosecution is not governed by the prescription of one year provided for in Article 8 of the Code of Criminal Procedure, LSA-R.S. 15 :8, but, rather, it is to be governed by the provisions of Article 7.1 et seq., LSA-R.S. 15:7.1 et seq., enacted by Act No. 25 of 1960. This enactment provides that a prosecution for a misdemeanor punishable by a fine or imprisonment, or both—such as the offense here involved— may be instituted within two years after the offense is committed. It, furthermore, provides that prosecutions instituted prior to its effective date shall be governed by the provisions heretofore contained in LSA-R.S. 15:8; and if, on the effective date of Act 25 of 1960 the institution of prosecution has already been barred by the prescription of one year established by LSA-R.S. 15 :8, nothing in the Act of 1960 shall affect such accrued prescription.
 
 [1]
 
 If this latter contention is meritorious, the bill of information was timely filed on December 15, 1961, which is within two years of March 26, 1960, the date of the commission of the offense, and the prosecution should proceed.
 

 The trial court, however; sustained the plea of prescription, to which ruling the district attorney reserved a bilí of except tions. The district attorney then moved to amend the bill of information to negative prescription, and the trial court denied that
 
 *421
 
 motion. Thereafter the State, through the district attorney, applied for writs to this court to review the action of the trial court and coupled therewith an application for a writ of mandamus to compel the trial judge to vacate his rulings and to permit the prosecution to proceed. We granted writs to review the rulings complained of.
 

 In support of his argument that prosecution of this offense is prescribed by the one-year limitation of Article 8 of the Code of Criminal Procedure, and that the two-year limitation prescribed by Act 25 of 1960 cannot apply to this prosecution, counsel for accused submits that the time limitation or prescription applicable to the crime he is accused of committing on March 26, 1960, is the one-year time limitation applicable on the date the offense was alleged to have been committed (Art. 8, Code of Criminal Procedure), and Act 25 of 1960, which became effective on July 27, 1960, more than four months after the alleged commission of the crime, cannot affect or change that time limitation by increasing it to two years. To do so, it is urged, would violate the ex post facto provisions of the Constitution of the United States and of the State of Louisiana.
 
 [2]
 
 It is asserted that the limitation applicable as of the date of the commission of a criminal offense is not merely a procedural right, but is a “substantial right.”
 

 By its provision against ex post facto laws, the constitutions of our Federal and State governments inhibit the enactment of laws relating to criminal matters where fines and forfeitures are affected; they do not contemplate statutes having other operation. Locke v. City of New Orleans, 4 Wall. 172, 71 U.S. 172, 18 L.Ed. 334. An ex post facto law being one which is enacted after the offense has been committed, and which, in relation to it or its consequences, alters the situation of the accused to his disadvantage. State v. Caldwell, 50 La.Ann. 666, 23 So. 869, 41 L.R.A. 718.
 

 From the inception of the ex post facto concept in this nation it was given a technical and restricted meaning, and was held to refer only to “crimes, pains and penalties”, and not to include questions exclusively of remedy. State ex rel. Sherburne v. Baker, 50 La.Ann. 1247, 24 So. 240. In the course of time the definition of ex post facto was somewhat broadened in its effect and scope by the federal courts. Mr. Justice Breaux in State v. Baker, supra, reviewed the development in this way:
 

 “They recognized as prohibited enactments when they attempted to make an act done before the passing of the law criminal which was not criminal when done, or when they sought to aggravate a crime or inflict a greater penalty, or to amend the rules of evi
 
 *423
 
 dence, that would'make worse and more difficult the defense of an act of prior date; (and, in addition to what had been previously held, when they affected any of the substantial rights of the accused).”
 
 [3]
 
 See also Thompson v. State of Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061; State ex rel. Theus v. Edwards, 109 La. 236, 33 So. 209; State v. Ardoin, 51 La.Ann. 169, 24 So. 802.
 

 And originally at common law there was no time limitation barring criminal prosecutions. People v. Bailey, 103 Misc. 366, 171 N.Y.S. 394. However, statutory limitations generally prevail in most states today. They have been considered to be statutes of repose as in civil matters; as acts of grace of the sovereign surrendering its right to prosecute in criminal matters; as acts of amnesty declaring that the offender may cease to preserve his proof of innocence after the time limit has passed; or as recognition by the state that time gradually wears out evidence of innocence. People v. Ross, 325 Ill. 417, 156 N.E. 303; People v. Guariglia, 187 Misc. 843, 65 N.Y.S.2d 96; cf. dissent in State v. Gehlbach, 205 La. 340, 17 So. 2d 349. See Expose des Motifs No. 6, Louisiana State Law Institute, Code of Criminal Procedure Revision, “Title XVII, Time Limitations.”
 

 It has also been said in justification of such statutes that they curb the power of the state to hold over a person’s head the threat of prosecution for a long period of time. State v. Theard, 203 La. 1026, 14 So. 2d 824. The protection accorded the accused against being forced to trial for an offense has been called a valuable right. State v. Sullivan, 159 La. 589, 105 So. 631.
 

 The primary inquiry in the case at bar is: Does the amendment of the statute of limitations increasing the time involved during which the prosecution may be instituted deprive the accused of a substantial right?
 

 In 22 C.J.S. Criminal Law, § 224, it is said:
 

 “Since enactments limiting the time for the prosecution of offenses are measures of public policy only, and are entirely subject to the will of the legislature, they may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation; but where a complete defense has arisen under such a statute, it cannot be taken away by a subsequent repeal thereof.
 

 “So, too, where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly
 
 *425
 
 established period although the original period of limitation had then expired; and such a statute is not invalid.”
 

 In 15 Am.Jur., Criminal Law, Sec. 342 The rule is stated thus:
 

 “Where a statute extends the period of limitation, the extension applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period ■though the original period of limitation had then expired. Such a statute, however, cannot operate as to offenses which were barred at the time of its enactment, because that would make the statute ex post facto.”
 

 As we understand this case the substantial rights of the accused had never ■vested, for the time limitation or prescription of the offense which was in effect at the date of the alleged commission of the offense had not fully run when the amend-' ment became effective.
 

 “Until the fixed period has arrived, the statute is a mere regulation of the remedy, and like other regulations, subject to legislative control; but afterward it is a defense, not of grace, but •of right; not contingent but absolute .and vested; and like other defenses, ■not to be taken away by legislative enactment.” Moore v. State, 43 N.J.L. 203, 39 Am.Rep. 558. 67 A.L.R. 306.
 

 It is furthermore to be noted that the statute in question (Act 25 of 1960) contains a provision for the continued temporary application of LSA-R.S. 15:8 and 9, which were otherwise repealed.
 

 “This Act shall apply to all offenses regardless of the time of the commission thereof, except that:
 

 “(1) Prosecutions instituted prior to the effective date of this Act shall be governed by the provisions heretofore contained in R.S. 15:8 and 15:9 and
 

 “(2) If, on the effective date of this Act, the institution of prosecution has already been barred by the prescriptions heretofore established by R.S. 15:8, nothing in this Act shall affect such accrued prescriptions.
 

 “Except to the limited extent herein provided, R.S. 15 :8 and 15 :9 are hereby repealed.” (Emphasis added.)
 

 The rights of the accused and the State here may be likened to that of a person holding possession of land without a legally valid title and with the hope, by his possession, of acquiring title after the lapse of time prescribed by law unless a suit be instituted against him by the lawful owner to dispossess him. The right of the owner to institute suit to dispossess the usurper exists at all times until the period for perfecting title by that possession has fully accrued. If a suit be instituted to dispossess the possessor prior to the time prescription
 
 *427
 
 has fully accrued, the law considers that he has lost nothing. And so the State in criminal matters reserves the right to change the prescription or period of limitation of criminal offenses until it has accrued to the benefit of the accused. Until it has accrued, it can be said, the rights of the accused have not become vested and are subject to regulation or change.
 

 Based upon the common law concept to which we have alluded, in the absence of a statute of limitations, the State retains the right to prosecute for crimes indefinitely: ' But when a right of grace has been extended the State relinquishes the right to prosecute once the statute of limitations has run; until it-does run, the State’s right to prosecute is retained and may be extended- at the will of the State.
 

 No substantial right of the accused is affected by such a change, nor has the situation been changed to the disadvantage of the accused, for the time during which he may be prosecuted, not having run, deals only with the procedure attached to his conviction or acquittal. The penalty of the-offense has not been changed to the disadvantage of the accused, the rules of evidence have not been amended, nor has the definition of the crime affecting the facts, been altered in any way. What has been altered is a procedural right, and no undue-disadvantage to the accused results therefrom for he has acquired no advantage until: the period of limitation has run.
 

 Hence, we hold that Act 25 of I960' is applicable to this prosecution and the plea of prescription and motion to quash should’ have been overruled. This conclusion, makes consideration of the motion to amend' the bill of information in order to negative-prescription unnecessary, for the bill of information considered in the light of Act 25-of 1960 is, on its face, timely filed.
 

 For the reasons assigned, the ruling of the trial court sustaining the plea of prescription is reversed, the plea of prescription is overruled, and it is ordered that this case be remanded to the lower court for further proceedings consistent with the views expressed herein.
 

 [1]
 

 . “In this part the phrase ‘institution of prosecution’ means the finding of an indictment or the filing of an information or affidavit which is designed to serve as the basis of a trial.” Art. 7.13 Code Crim. Pro., LSA-R.S. 15:7.13.
 

 [2]
 

 . Article I, Sec. 9, cl. 3, U.S.Const., and Article IV, Sec. 15, Const, of La., LSA.
 

 [3]
 

 . The matter included within the brackets is from a certified copy of the opinion.' It is omitted from the case as published in the official reports.