602 So.2d 718 (1992)
STATE of Louisiana
v.
Arvine ADKISSON.
No. 92-KK-1083.
Supreme Court of Louisiana.
June 26, 1992.
*719 PER CURIAM.
The state's application for writs is granted in part and denied in part.
In this prosecution for two counts of indecent behavior with a juvenile in violation of LSA-R.S. 14:81, the court of appeal on defendant's application for writs correctly held that hearsay evidence of the victims' ages was not admissible in the hearing on defendant's motion seeking dismissal of the case under LSA-C.Cr.P. Art. 572 for failure to institute prosecution within four years after the offenses were committed. LSA-C.E. Art. 1101(A) and (B)(8). Although a hearing on a motion, it is one that could result in dismissal of the case.
The order of the court of appeal remanding the case for a second hearing is amended and clarified as follows.
The state has the burden of proving application of the time limitation exception provided in LSA-C.Cr.P. Art. 573(4). As to any offense committed more than four years prior to the effective date of Act 436 of 1988, amending Article 573, the state must prove that the victim was under the domination or control of the offender while under seventeen years of age at the time of the offense and that such relationship and status did not cease to exist more than four years prior to the effective date of the amending act; otherwise, the four-year time limitation of Article 572 which accrued prior to the effective date of the amending act bars prosecution of any such offense.
The amending act deleted the domination and control element of the time limitation exception. As to any offense committed more than four years prior to the institution of prosecution, except those committed more than four years prior to the effective date of the amending act as previously described, the state need only prove that the victim was under seventeen years of age at the time of the offense and that such status did not cease to exist, that is, that the victim did not become seventeen, more than four years prior to the institution of prosecution.
Otherwise, the writ is denied.
WRIT GRANTED IN PART AND DENIED IN PART.