648 So.2d 490 (1994)
STATE of Louisiana
v.
Robin J. HUGHES.
No. 94-KA-1364.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1994.
Writ Denied March 24, 1995.
*491 Harry F. Connick, Dist. Atty., Lisa W. Lavie, Asst. Dist. Atty., New Orleans, for appellant.
R. Neal Wilkinson, Baton Rouge, for appellee.
Before BARRY, ARMSTRONG and PLOTKIN, JJ.
BARRY, Judge.
On June 8, 1993 the defendant was charged by bill of information with one count of molestation of a juvenile which allegedly occurred from January 1, 1986 through July 31, 1986. The victim was the defendant's seven year old daughter. The defendant filed a motion to quash based on expiration of the time limitation to prosecute. The court granted the motion and the State appealed. We reverse.

Facts
Officer Kirk Bouyelas testified that the child, while a patient at New Orleans Adolescent Hospital in July, 1988, told a therapist that her father fondled her and penetrated her vagina with his finger. The therapist reported the information to the police. Officer Bouyelas interviewed the child on January 17, 1989 and learned that she lived with her father from January 1, 1986 until July 31, 1986. She said during that time her father fondled her vagina and buttocks and penetrated her vagina with his finger on several occasions.
An arrest warrant was issued for the defendant on April 3, 1989 but he was out of state. Officer Bouyelas did not contact the defendant or request his arrest.
On January 7, 1993 the defendant was arrested in Baton Rouge and on June 8, 1993 the state filed the bill of information.
The state argues that the district court erred by finding (1) the four year prescriptive period under La.C.Cr.P. art. 572 began to run when the victim disclosed the alleged sexual abuse to Officer Bouyelas, and (2) the exception provided in La.C.Cr.P. art. 573 is not applicable. Alternatively the state submits that the prescriptive period was interrupted because the defendant was absent from the state. See La.C.Cr.P. art. 575. We reverse.

The Law
The time to institute prosecution for a felony offense not necessarily punishable by *492 imprisonment at hard labor, such as molestation of a juvenile, is four years from the date of the offense. La.C.Cr.P. art. 572(2). Therefore, the state was required to institute prosecution within four years of the date in the bill of information unless it can show an exception to the time limitation under La. C.Cr.P. art. 573 or interruption of that period under La.C.Cr.P. art. 575.
La.C.Cr.P. art. 573 provides exceptions to the four year limitation; however, at the time of the alleged offense Art. 573 did not include molestation of a juvenile.
In 1986, Article 573 provided in pertinent part:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where: * * *
(4) The offense charged is carnal knowledge of a juvenile (R.S. 14:80) or indecent behavior with juveniles (R.S. 14:81) and the victim is under the domination and control of the offender while under seventeen years of age.
Acts 1987, No. 587, § 1 amended Art. 573 to add an exception for molestation of a juvenile where "the victim is under the domination and control of the offender while under seventeen years of age." The Legislature eliminated the domination and control provision by Acts 1988, No. 436, § 1 and provided:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where: * * *
(4) The offense charged is ... molestation of a juvenile (R.S. 14:81.2) ... and the victim is under seventeen years of age.
Acts 1993, No. 592, § 1, effective June 15, 1993, deleted molestation of a juvenile from Art. 573 and created a new article establishing the time limitation for sex offenses involving minors. See La.C.Cr.P. art. 571.1. However Act 592 was effective after the bill of information was filed and is not applicable.
In State v. Ferrie, 243 La. 416, 144 So.2d 380 (1962), the defendant was charged with one count of indecent behavior with juveniles which allegedly occurred on March 26, 1960. The prescriptive period was one year after the offense was made known to the judge, district attorney, or grand jury having jurisdiction. By Act 25 of 1960, effective July 27, 1960, the time limitation was increased to two years from the date the offense was allegedly committed. The Ferrie bill of information was filed on December 15, 1961, one year and eight months after the offense was committed. The defendant filed a plea of prescription and motion to quash which the trial court granted. The Supreme Court held that the amended time limitation was applicable and reversed. The Court reasoned that the right against prosecution had not vested because the time limitation in effect when the alleged offense occurred had not run when the amendment became effective. The Court stated:
(I)n the absence of a statute of limitations, the State retains the right to prosecute for crimes indefinitely. But when a right of grace has been extended the State relinquishes the right to prosecute once the statute of limitations has run; until it does run, the State's right to prosecute is retained and may be extended at the will of the State.
State v. Ferrie, 144 So.2d at 384.
That rule was reiterated in State v. Adkisson, 602 So.2d 718 (La.1992). In Adkisson the bill of information, filed on October 5, 1990, was for indecent behavior with a juvenile that occurred from August 1, 1984 through October 31, 1988. The bill was amended on September 6, 1991, to charge an additional count of indecent behavior which occurred between 1981 and 1984. The Supreme Court stated:
As to any offense committed more than four years prior to the effective date of Act 436 of 1988, amending Article 573, the state must prove that the victim was under the domination or control of the offender while under seventeen years of age at the time of the offense and that such relationship and status did not cease to exist more than four years prior to the effective date of the amending act; otherwise, the four-year time limitation of Article 572 which *493 accrued prior to the effective date of the amending act bars prosecution of any such offense.
The amending act deleted the domination and control element of the time limitation exception. As to any offense committed more than four years prior to the institution of prosecution, except those committed more than four years prior to the effective date of the amending act as previously described, the state need only prove that the victim was under seventeen years of age at the time of the offense and that such status did not cease to exist, that is, that the victim did not become seventeen, more than four years prior to the institution of prosecution.
State v. Adkisson, 602 So.2d at 719.
At the time the instant offense was allegedly committed, Art. 573 did not provide an exception to the four year time limitation for molestation of a juvenile, but that exception was added in 1987 before the four year limitation under Art. 572 had expired. Also (within the four year limitation from the date of the offense) Art. 573 was amended in 1988 to delete the domination and control requirement.
The offense was allegedly committed within four years prior to the effective date of the 1988 amendment. Art. 573, as amended by Acts 1988, No. 436, § 1, controls.

Timeliness of Prosecution
The district court held that Article 573 was not applicable because the victim reported the offense before she reached seventeen and the four year time limitation under Article 572 began when the victim disclosed the offense to Officer Bouyelas on January 17, 1989 and was expired. That holding was erroneous.
In 1960 the legislature rejected the "made known" requirement of the former time limitation provision in favor of a time period incorporating the date of the alleged offense. La.C.Cr.P. art. 572, comment (a). See the Preliminary Statement to Title XVII of the Code of Criminal Procedure.
Under Art. 573 as amended in 1988, and State v. Adkisson, 602 So.2d at 719, the state must show that the victim was under seventeen years at the time of the offense and did not become seventeen years old more than four years before institution of prosecution. The child's mother testified that her daughter was six or seven years old at the time of the alleged offense and was fourteen years old at the time of the hearing on the motion to quash. The victim was clearly under seventeen when the state filed the bill of information in June of 1993 and the four year limitation in Art. 572 never commenced. The state was not required to establish interruption of the time limitation under Art. 575. The bill of information was filed timely.

Due Process and Equal Protection
The defendant contends the bill of information should be quashed because he was denied due process because of the delay to prosecute. That argument has no merit.
To prove a due process violation that requires dismissal of an indictment because of pre-indictment delay, the defendant must show that the state deliberately delayed to gain a tactical advantage and the delay caused actual and substantial prejudice to the defendant. State v. Dickerson, 529 So.2d 434, 439 (La.App. 1st Cir.), writ den. 533 So.2d 353 (La.1988), citing United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977).
Defendant does not allege specific, actual prejudice, rather merely alleges general prejudice in preparation of his defense.
Defendant also argues that Art. 573 as applied to molestation of a juvenile is unconstitutional because it created a separate class of sex offenders. The statute clearly furthered an appropriate state interest by allowing a child victim of sexual molestation to reach maturity before prosecution of the offense.
The judgment is reversed. The motion to quash is denied and the matter is remanded.
REVERSED AND REMANDED; MOTION TO QUASH DENIED.