666 So.2d 337 (1995)
STATE of Louisiana
v.
Onnie Ray FARRIS.
No. 95 KW 0570.
Court of Appeal of Louisiana, First Circuit.
November 16, 1995.
Anthony Falterman, Donaldsonville, for Appellee State of Louisiana.
Lewis O. Unglesby, Baton Rouge, for Appellant Onnie Ray Farris.
Before CARTER and PITCHER, JJ., and CRAIN,[1] J. Pro Tem.
*338 PITCHER, Judge.
Defendant, Onnie Ray Farris, was charged by separate indictments with the crime of indecent behavior with a juvenile and molestation of a juvenile. Thereafter, defendant filed a motion to quash both of these indictments. Defendant alleged that the state had not instituted prosecution within the time limitations set forth in LSA-C.Cr.P. article 572.
The trial court subsequently denied the motion to quash in both cases, finding that the time limitation for prosecution had not expired, applying the exception to Art. 572 contained in LSA-C.Cr.P. art. 571.1.
Defendant filed a writ application and on May 23, 1995, this court granted a writ of certiorari to review the trial court's ruling.

LAW
The time to institute prosecution for a felony offense not necessarily punishable by imprisonment at hard labor, such as indecent behavior with a juvenile or molestation of a juvenile, is four years from the date of the offense. LSA-C.Cr.P. art. 572(2). Therefore, the state was required to institute prosecution within four years of the date of the offense as set forth in the indictments, unless it can show an exception to the commencement of the running of the time limitation under LSA-C.Cr.P. art. 573 or interruption of that period under LSA-C.Cr.P. art. 575[2]. The only issue presented by these cases deals solely with the exception contained in art. 573.
In State v. Ferrie, 243 La. 416, 144 So.2d 380, 384 (1962), the Louisiana Supreme Court stated as follows:
[I]n the absence of a statute of limitations, the State retains the right to prosecute for crimes indefinitely. But when a right of grace has been extended the State relinquishes the right to prosecute once the statute of limitations has run; until it does run, the State's right to prosecute is retained and may be extended at the will of the state.[3] (Emphasis added).
To determine if defendant's right against prosecution had vested under each indictment, a review of the history of Art. 573 is mandated.
Before 1982, art. 573 did not provide an exception to the commencement of the running of the four-year time limitation for sex offenses involving juveniles. However, in 1982, LSA-C.Cr.P. art. 573(4) was added to provide as follows:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist when:
* * * * * *
(4) The offense charged is carnal knowledge of a juvenile (R.S. 14:80) or indecent behavior with juveniles (R.S. 14:81) and the victim is under the domination or control of the offender while under seventeen years of age.
*339 Through Act No. 587 of 1987, § 1, this statute was amended to read as follows:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where:
* * * * * *
(4) The offense charged is one of the following: ... indecent behavior with juveniles (R.S. 14:81), molestation of a juvenile (R.S.14:81.2), ... and the victim is under the domination or control of the offender while under seventeen years of age.
Acts 1988, No. 436, § 1, effective September 9, 1988, amended LSA-C.Cr.P. art. 573 to eliminate the domination and control provision.
Defendant correctly points out that Art. 573 was again amended by Acts 1988, No. 693, effective September 9, 1988, to provide as follows:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where:
* * * * * *
(4) The offense charged is one of the following: ... indecent behavior with juveniles (R.S. 14:81), molestation of a juvenile (R.S. 81.2), ... and the victim is under the domination or control of the offender while under seventeen years of age.
Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. State v. Piazza, 596 So.2d 817, 819 (La.1992). When inconsistent amendments to the same statute have been adopted at the same legislative session, the court should attempt to construe the statute so as to give effect to both amendments consistent with legislative intent. Only when it is impossible to give effect to both amendments should the court allow the time of passage of the acts to be the controlling factor. Allowing the later act to control effectively recognizes a repeal by implication of the earlier act, and such recognition of a repeal by implication should occur only when the acts passed in the same session are so repugnant that they cannot stand together. State v. Piazza, 596 So.2d at 819.
The preamble to Act 436 of 1988 makes it clear that the purpose of this Act was to eliminate the requirement that a victim of certain sexual crimes under the age of seventeen must be under the domination or control of the offender in order to delay the running of the time limitation for the initiation of prosecution. In contrast, the preamble to Act 693 of 1988 states that the purpose of this Act was to provide for time limitations for the offense of aggravated battery. It was not the legislative intent to add back to this provision the requirement of domination and control of the offender. See State v. Hodges, 577 So.2d 728 (La. 1991).[4]
In State v. Adkisson, 602 So.2d 718 (La. 1992), the Louisiana Supreme Court stated:
The amending act [Act 436 of 1988] deleted the domination and control element of the time limitation exception. As to any offense committed more than four years prior to the institution of prosecution, except those committed more than four years prior to the effective date of the amending act as previously described, the state need only prove that the victim was under seventeen years of age at the time of the offense and that such status did not cease to exist, that is, that the victim did not become seventeen, more than four years prior to the institution of prosecution.
The Adkisson court makes no mention of Act 1988, No. 693. See also State v. Palmer, 588 So.2d 746 (La.App. 5th Cir.1991); State v. Hughes, 94-1364 (La.App. 4th Cir. 12/28/94); 648 So.2d 490, writ denied, 95-0255 (La. 3/24/95); 651 So.2d 292.
Acts 1993, No. 592, § 1, effective June 15, 1993, deleted all sex offenses from Article 573 and created a new article, LSA-C.Cr.P. art. 571.1, which establishes the time limitation *340 for sex offenses involving minors. LSA-C.Cr.P. art. 571.1 provides as follows:
The time within which to institute prosecution of the following sex offenses: ... indecent behavior with juveniles (R.S. 14:81), molestation of a juvenile (R.S. 14:81.2), ... which involves a victim under seventeen years of age, regardless of whether the crime involves force, serious physical injury, death, or is punishable by imprisonment at hard labor shall be ten years. This ten-year period begins to run when the victim attains the age of seventeen.
Therefore, as to the charge of indecent behavior with a juvenile, we note the defendant was charged by indictment with this crime on June 8, 1994. The indictment provides that this crime allegedly occurred on or between May 1, 1982 through August 31, 1982.[5] The state established that the victim of this offense was born on October 1, 1967.
The amendments to Art. 573 show that at the time the indecent behavior with a juvenile offense was allegedly committed, Art. 573 did not provide an exception to the commencement of the four-year time limitation for sex offenses involving juveniles. However, effective September 9, 1982, Art. 573 required that in order to suspend the commencement of the prescriptive period of art. 572, the state must prove that the victim was under the domination and control of the offender while under seventeen years of age at the time of the offense. In 1988, the requirement that the state prove domination and control was deleted from Art. 573. However, the victim of this offense turned seventeen on October 1, 1984. From this date, the state had four years to commence prosecution. Art. 571.1 did not become effective until June 15, 1993. The defendant's right against prosecution vested on October 1, 1988. The indictment for indecent behavior with a juvenile was not filed against the defendant until June 8, 1994. Therefore, the institution of prosecution was not timely, and the trial court erred in denying the motion to quash.
As to the charge of molestation of a juvenile, the indictment alleges that the offense occurred May 31 through August 31, 1989. The indictment further alleges that the victim of this offense was born on December 29, 1975.
At the time the offense of molestation of a juvenile was allegedly committed, Art. 573 required that in order to prevent the commencement of the running of the prescriptive period of Art. 572, the state needed to prove only that the victim was under seventeen years of age. The victim of the molestation offense turned seventeen on December 29, 1992. From this date, the four-year prescriptive period began to run; therefore, the state had until December 29, 1996 to institute prosecution. Additionally, Art. 571.1, which became effective on June 15, 1993, provides that the state has ten years from the date that a victim turns seventeen to institute prosecution for sex offenses involving juveniles. The application of Art. 571.1 to the molestation charge in this case gives the state until December 29, 2002, to institute prosecution. Thus, the defendant's right against prosecution on the molestation charge has not yet vested. The indictment was timely filed on March 16, 1994. The trial court was correct in denying the motion to quash the indictment charging defendant with molestation of a juvenile.

CONCLUSION
For the foregoing reasons, as to Docket Number 7752, the writ of certiorari previously issued herein is recalled, and the supervisory relief requested is granted. The trial court's order denying the motion to quash is vacated, and the indictment charging the defendant with indecent behavior with a juvenile is quashed. As to Docket Number 7456 and the charge of molestation of a juvenile, the writ of certiorari previously issued herein is recalled, and the supervisory relief requested by the relator is denied.
GRANTED IN PART AND DENIED IN PART.
NOTES
[1] Judge Hillary Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] LSA-C.Cr.P. art. 575 provides as follows:

The periods of limitation established by this Chapter shall be interrupted when the defendant:
(1) For the purpose of avoiding detection, apprehension or prosecution, flees from the state, is outside the state, or is absent from this usual place of abode within the state; or
(2) Lacks mental capacity to proceed at trial and is committed in accordance with Article 648 of this Code.
[3] In the Ferrie case, the defendant was charged with one count of indecent behavior with juveniles which allegedly occurred on March 26, 1960. The prescriptive period was one year after the offense was made known to the judge, district attorney, or grand jury having jurisdiction. By Act 25 of 1960, effective July 27, 1960, the time limitation was increased to two years from the date the offense was allegedly committed. The bill of information was filed on December 15, 1961, one year and eight months after the offense was committed. The defendant filed a plea of prescription and motion to quash which the trial court granted. The Supreme Court held that the amended time limitation was applicable and reversed, reasoning that the right against prosecution had not vested because the time limitation in effect when the alleged offense occurred had not run when the amendment became effective.
[4] We note that the Historical and Statutory Notes under Art. 573 reflect that the Louisiana State Law Institute, pursuant to its statutory revision authority, printed the text of the articles as amended by 692, except for deletion of the phrase "under the domination or control of the offender while under" as in Act 436.
[5] The initial indictment alleged that the crime occurred on or between May, 1979 through August 31, 1979. However, the indictment was amended on September 19, 1994.