| THIBODEAUX, Judge.
The defendant, Jimmy Romero, was convicted of molestation of a juvenile for incidents occurring between 1983 and 1986. He was indicted by an Iberia Parish Grand Jury on March 23, 1993. His Motion to Set Aside the Verdict Based Upon Defendant’s Plea of Prescription was denied by the trial court. He was sentenced to a suspended fifteen year term at hard labor and placed on five years supervised probation under certain stringent conditions.
|2He appeals and asserts that his prosecution was barred because of time limitations.
We affirm.

FACTS

The defendant was charged with the molestation of a juvenile, in violation of La.R.S. 14:81.2, against the victim between the years *610 of 1983 and 1986. The victim was born on June 15, 1973, and therefore, she was between nine (9) and thirteen (13) years of age when the crime occurred. The defendant left the family home on January 17,1990, and this charge was brought on March 23, 1993. These dates are important because in his brief, defendant’s counsel states the defendant’s domination and control ended on June 15, 1986; however, this proposition is incorrect. The parties stipulated that the defendant did not cease domination and control until January 17, 1990, the date on which he left the household.

ASSIGNMENT OF ERROR

The defendant argues that his right against prosecution for molestation of his daughter vested prior to the commencement of the trial. For this reason, the defendant contends the crime was prescribed and that the State failed to show an exception to the commencement of the running of the time limitation under La.Code Crim.P. art. 572(2).
It is important to note in the beginning that the victim turned seventeen on June 15, 1990. This date became important after the Legislature amended La.Code Crim.P. art. 573 to suspend the running of the statute of limitations until the minor victim of certain enumerated offenses turns seventeen. Although the victim |3began to tell others about the defendant’s sexual abuse of her after she turned seventeen, the defendant was not charged until March 23,1993.
The district attorney’s office billed the molestation as a continuous activity that occurred between the years of 1983 to 1986. However, the defendant in his brief argues that the true dates that must be utilized for the beginning and ending dates of the abuse are June 15, 1983, and June 15, 1986; these dates are the tenth (10) and thirteenth (13) birthdays of the victim, respectively.
Defendant is charged with one count of molestation of a juvenile in the bill of indictment, and the bill states that this continuous activity occurred from 1983 to 1986; there are no months or specific days singled out. Moreover, the defense did not file a bill of particulars to have this time range clarified to provide specific dates. Therefore, during the trial the prosecution had to prove only one act of molestation occurred during the time period between 1983 and 1986.
Thus, since there are no specific dates or months specified, we can only assume that the defendant was charged from January 1, 1983, until December 31, 1986, for the commission of molestation.
As of the first date of the crime, January 1, 1983, La.Code Crim.P. art. 572 provided that institution of the prosecution for a crime such as molestation of a juvenile must be brought within four (4) years after commission of the offense because it is a felony not necessarily punishable by imprisonment at hard labor. La.Code Crim.P. art. 572(2). Therefore, the state had to formally charge the defendant by January 1, 1987, for the first date of the crime, unless one of the statutory exceptions applied. As of the last date of the crime, December 31, 1986, the state had to formally charge the defendant by December 31, 1990, unless one of the statutory exceptions applied.
|/The two possible statutory exceptions available here are the exception to the commencement of the running of the time limitation under La.Code Crim.P. art. 573 or interruption of that period under La.Code Crim.P. art. 575. The Article 573 exception is the only exception at issue in this case.
Louisiana Code of Criminal Procedure Article 573 did not include molestation of a juvenile as one of the enumerated crimes that fell within the exceptions to the time limits during 1983 thru 1986. Louisiana Code of Criminal Procedure Article 573(4) provided at that time:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where:
* * * * * *
(4) The offense charged is carnal knowledge of a juvenile (R.S. 14:80) or indecent behavior with juveniles (R.S. 14:81) and the victim is under the domination or control of the offender while under seventeen years of age.
*611 However, by Acts 1987, No. 587, La.Code Crim.P. art. 573 was amended to include molestation of a juvenile along with other sexual offenses against minors within the limitation of Paragraph 4. Louisiana Code of Criminal Procedure Article 573 then provided:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where:
[[Image here]]
(4) The offense charged is one of the following: aggravated battery (R.S. 14:34), aggravated rape (R.S. 14:42), forcible rape (R.S. 14:42.1), sexual battery (R.S. 14:43.1), aggravated sexual battery (R.S. 14:43.2), oral sexual battery (R.S. 14:43.3), aggravated oral sexual battery (R.S. 14:43.4), carnal knowledge of a juvenile (R.S. 14:80), indecent behavior with juveniles (R.S. |gl4:81), molestation of a juvenile (R.S. 14:81.2), crime against nature (R.S. 14:89), or aggravated crime against nature (R.S. 14:89.1), and the victim is under the domination or control of the offender while under seventeen years of age. (emphasis added.)
This enactment went into effect on September 1, 1987. The sexual acts constituting molestation occurring from January 1, 1983, to August 31, 1983, would be prescribed because of the four year limitation. For those sexual acts constituting molestation occurring after August 31, 1983, the time limits to prosecute the defendant were extended to January 17, 1994. This date is derived from the following: It was stipulated at trial that the defendant ceased domination and control over the defendant on January 17,1990. Because the victim was under the age of seventeen and the crime was one of the enumerated offenses, the effective date of prescription is viewed to occur four years from the end of the defendant’s domination and control on January 17,1990.
The 1988 amendment to La.Code Crim.P. art. 573 eliminated the requirement that the victim be under the domination or control of the offender. Acts 1988, No. 463. This act was not effective until September 9, 1988. The abolition of the domination or control portion of this statute changes the prescriptive date from the previous statute. Here, the effective date of prescription is four years from the victim’s seventeenth birthday. The victim’s birthday is June 15, 1990; thus, the victim would have had until June 15, 1994, to institute prosecution.
The statute of limitations was again extended by Acts 1993, No. 592, enacting La. Code Crim.P. art. 571.1. This new act, effective June 15, 1993, deleted all sex offenses from Article 573. Instead, a new article was created, Article 571.1, which establishes the time limitation for sex offenses involving minors. The |6prescriptive period is ten years from the date of the victim’s seventeenth birthday; in this case, it is June 15, 2000.
In this particular case, the defendant’s criminal acts after August 31, 1983 were chargeable up until June 15,1994. However, before that period ended, the newest act— La.Code. Crim.P. art. 571.1 — went into effect, making the defendant chargeable up until June 15, 2000. The proceedings were instituted by the grand jury indictment on March 23,1993; therefore, the criminal prosecution of the defendant for molestation of a juvenile committed after August 31, 1983, was timely instituted.
It is well settled law that these legislative extensions discussed here are retroactive. In State v. Adkisson, 602 So.2d 718 (La.1992), the Louisiana Supreme Court recognized that the Legislature could amend La. Code Crim.P. art. 573 and extend the time limit within which the state could institute prosecution, but only as long as the amendment came into effect before the statute of limitations accrued. Id. at 719.
In cases arising after Adkisson, the amendment of La.Code Crim.P. art. 573, and enactment of La.Code Crim.P. art. 571.1, the courts have had to calculate when the statute of limitation accrues and if the changes in the law have extended the time within which the state may institute prosecution. See, e.g. State v. Hughes, 94-1364 (La.App. 4 Cir. 12/28/94); 648 So.2d 490, writ denied, 95-255 (La.3/24/95); 651 So.2d 292; State v. Farris, *612 95-570 (La.App. 1 Cir. 11/16/95); 666 So.2d 337.
In State v. Ferrie, 243 La. 416, 144 So.2d 380, 384 (1962), the Louisiana Supreme Court stated as follows:
[I]n the absence of a statute of limitations, the State retains the right to prosecute for crimes indefinitely. But when a right of grace has been extended the State relinquishes the right to prosecute once the statute of limitations has run; until it does run, the State’s right to prosecute is retained and may be extended at the will of the state.
|7If the defendant claims that he has been vested with a right against prosecution before an amendment or enactment came into effect extending the time within which the state may institute prosecution, then the state must prove facts establishing timely institution of prosecution or the state cannot charge the defendant and any indictment filed must be quashed. This is the case for the crime occurring from any sexual acts of molestation occurring from January 1, 1983, to August 31, 1983; this eight month period prescribed. Moreover, the trial court erred in not granting the defendant’s motion to quash concerning this portion of time. However, because the victim testified that the acts of molestation occurred continuously up until 1986, the jury’s verdict could be based upon any act of molestation committed after August 31,1983.
Also, it must be noted the bill against the defendant was filed on March 15,1993. This filing date was well within the four year date mandated; the four year period began on the defendant’s seventeenth birthday on June 15, 1990, and ended on June 15, 1994. Moreover, because during this four year period the enactment of 571.1 occurred, the defendant could still be charged up until the year 2000.

ERRORS PATENT

Louisiana Code of Criminal Procedure Article 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.Code Crim.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.Code Crim.P. art. 914 or 922, so prescription is not yet running. The district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days |8of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.1993), writ denied, 623 So.2d 1334 (La.1993).

CONCLUSION

For the foregoing reasons, the defendant’s conviction is- affirmed. The district court is directed to inform the defendant of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and file written proof that the defendant received the notice in the record of the proceedings.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.