SUSAN M. CHEHARDY, Judge.
|j.On appeal, defendant seeks review of his convictions and sentences for molestation of a juvenile and aggravated incest. For the following reasons, we affirm.

Facts and Procedural History

Because the instant convictions were obtained pursuant to guilty pleas without a trial and minimal pre-trial hearings, the record contains minimal facts about the offenses. However, the record reflects that, between September 27, 1994 and September 26, 2000, defendant, who was born on October 22, 1959, committed acts, which included inappropriate touching of the breasts and vagina, vaginal intercourse, and execution of oral sex, against a minor female, who was born on September 27,1982.[1]
On March 17, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant, Kevin S. Perkins, Sr., with molestation of a juvenile, in violation of La. R.S. 14:81.2 for acts committed between September 27, 1994 and September 26,1999, against the minor victim, who had not reached |sthe age of seventeen years. The next day, March 18, 2010, the State amended the bill of information, adding one count of aggravated incest, in violation of La. R.S. 14:78.1 for acts committed between September 27, 1999 and September 26, 2000, against the minor victim, who had not reached her eighteenth birthday.
*862 That day, defendant entered a plea of not guilty to both charges.
On October 26, 2010, defendant filed a motion to quash the bill of information contending that the bill should be quashed because the State failed to institute prosecution with the prescriptive period allowed by law. That same day, the court heard and denied the motion to quash. Thereafter, defendant withdrew his pleas of not guilty and tendered pleas of guilty, pursuant to State v. Crosby,[2] reserving his right to seek appellate review of the denial of his motion to quash.[3] After the defendant waived the statutory sentencing delays, the trial judge sentenced defendant to ten years at hard labor for molestation of a juvenile and to sixteen years at hard labor for aggravated incest, concurrent.
On October 27, 2010, defendant filed a motion for appeal, seeking review of the trial court’s denial of his motion to quash, which was granted on November 23, 2010. This appeal follows.
In his sole assignment of error, defendant argues that the trial court erred in denying his motion to quash because, pursuant to La.C.Cr.P. art. 532(7), the charges should have been quashed due to the fact that the prescriptive period for institution of the prosecution had prescribed. Specifically, defendant contends that the amendments to the relevant code articles, which extended the prescriptive period for institution of prosecution, cannot be retroactively applied to his case because they violate the prohibition against ex post facto laws.
|4In response, the State argues that the amendments extending the prescriptive period do not violate the prohibition against ex post facto laws because the extensions in question were enacted prior to the accrual of the original prescriptive period.
In State v. Ferrie, 243 La. 416, 144 So.2d 380, 384 (1962), which was abrogated on other grounds by State ex rel. Olivieri, v. State, 00-0172 (La.2/21/01), 779 So.2d 735, the Louisiana Supreme Court stated as follows:
[I]n the absence of a statute of limitations, the State retains the right to prosecute for crimes indefinitely. But when a right of grace has been extended, the State relinquishes the right to prosecute once the statute of limitations has run; until it does run, the State’s right to prosecute is retained and may be extended at the will of the State.
With regard to the timeliness of the institution of prosecution for molestation of a juvenile, La.C.Cr.P. art. 571.1, which was enacted by Acts 1993, No. 592, § 1, effective June 15, 1993, originally provided, in pertinent part:
The time within which to institute prosecution of the following sex offenses: ... molestation of a juvenile (R.S. 14:81.2) ... which involves a victim under seventeen years of age ... shall be ten years. This ten year period begins to run when the victim attains the age of seventeen.
Acts 2001, No. 533, § 1; effective August 15, 2001, amended La.C.Cr.P. art. 571.1, to add the offense of aggravated incest and amended the date that the prescriptive period commences to the victim’s eighteenth birthday.[4]
*863 In the instant case, defendant pled guilty to molestation of a juvenile for acts against a person under seventeen years old committed between September 27, 1994 and September 26, 1999. At the close of that five-year period, the version of La.C.Cr.P. art. 571.1 in effect provided that the State had ten years from the date | sthe victim reached the age of seventeen to institute prosecution for molestation of a juvenile. In this case, the victim turned seventeen on September 27, 1999. Thus, under the version in effect on that date, the State had until September 27, 2009, to institute prosecution of this offense.
However,.by Acts 2001, No. 533, effective August 15, 2001, well within the prescriptive period in effect for the charged offense, the legislature amended La. C.Cr.P. art. 571.1 to commence the prescriptive period on the day that the victim reaches the age of eighteen. In our case, the victim turned eighteen on September 27, 2000. Under the amended version of the law, the State had until September 27, 2010, to institute prosecution.[5]
Here, the State instituted prosecution of this defendant for molestation of a juvenile by a bill of information filed on March 17, 2010, well within the time limitation allowed by La.C.Cr.P. art. 571.1. Accordingly, we find no error in the trial court’s denial of defendant’s motion to quash the bill of information with respect to molestation of a juvenile. This assignment lacks merit.
With regard to the timeliness of the institution of prosecution for aggravated incest, La. R.S. 14:78.1(D) provided: “A person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both.” La.C.Cr.P. art. 572 originally provided
No person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
[[Image here]]
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor; ...
lfiIn the instant case, defendant pled guilty to aggravated incest for acts against a person under eighteen years old committed between September 27, 1999 and September 26, 2000. At the close of that one year period, La.C.Cr.P. art. 572 allowed the State four years, or until September 26, 2004, to institute prosecution of aggravated incest.
However, prior to the running of that prescriptive period, the legislature by Acts 2001, No. 533, § 1; effective August 15, 2001, amended La.C.Cr.P. art. 571.1, to add the offense of aggravated incest and moved the date that prescription began to run to the date that the victim reaches eighteen years of age. At this point, the *864 time limitation for institution of both offenses was identical. Thus, as for the charge of molestation of a juvenile, the State had ten years from the date that the victim attained the age of eighteen, or until September 27, 2010, to institute prosecution for aggravated incest.[6]
Here, the State instituted prosecution against this defendant for aggravated incest by bill of information filed on March 18, 2010, well within the time limitation allowed by La.C.Cr.P. art. 571.1. Accordingly, we find no error in the trial court’s denial of defendant’s motion to quash the bill of information with respect to aggravated incest. This assignment lacks merit.
As always, we have reviewed the record for errors patent, according to La. C.Cr.P. art. 920. We note that the record does not reflect that the trial judge complied with La. R.S.14:78.1(E) when sentencing this defendant for aggravated incest. That statute provides as follows:
(1) In addition to any sentence imposed under Subsection D, the court shall, after determining the financial resources and future ability of the offender to pay, require the offender, if able, to pay |7the victim’s reasonable costs of counseling that result from the offense. [Emphasis added.]
The record does not reflect that the trial judge complied with this statute. The failure to comply with La. R.S. 14:78.1(E) warrants a remand to ensure compliance with the statute. See, State v. Morgan, 06-529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199, 214-15; State v. Bolden, 04-1000 (La.App. 5 Cir. 3/1/05), 901 So.2d 445, 450, writ denied, 05-2030 (La.4/28/06), 927 So.2d 279.
Additionally, the record does not reflect that this defendant was notified of Louisiana’s sex offender registration requirements in accordance with La. R.S. 15:540, et seq. Both of defendant’s convictions are defined as sex offenses by La. 15:541(24)(a). La. R.S. 15:543(A) requires the trial judge to provide written notification of the registration and notification requirements. The failure to provide this notification is patent error, which warrants remand for written notification. See State v. Gaddis, 07-395 (La.App. 5 Cir. 11/13/07), 973 So.2d 21, 28, writ denied, 08-0156 (La.10/10/08), 993 So.2d 1277; State v. Morgan, 06-529 (La.App. 5 Cir. 12/12/06), 948 So.2d 199, 213; State v. Stevenson, 00-1296 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165, 1166-67.
Accordingly, this matter is remanded to the trial court for compliance with La. R.S. 14:78.1(E) and 15:543(A). In all other respects, defendant’s convictions and sentences are affirmed.

AFFIRMED; REMANDED

. It is undisputed that defendant is more than two years older than the victim. In fact, defendant is 22 years, 25 days older than the victim. During the time period reflected in the bill of information, the victim's age ranged from 12 to 18.

. 338 So.2d 584 (La.1976).

. In addition, on the same day, in case number 01-3876, defendant pled guilty to issuing worthless checks in violation of La. R.S. 14:71 and received a concurrent one-year sentence. That case is not part of this appeal.

.Finally, by Acts 2005, No. 186, § 1, effective August 15, 2005, the Louisiana Legislature again amended La.C.Cr.P. art. 571.1 to ex *863 tend the time within which the State has to institute prosecution for many sex offenses which involve victims under eighteen years of age, including molestation of a juvenile or a person with a physical or mental disability (La. R.S. 14:81.2) and aggravated incest (La. R.S. 14:78.1), to thirty years, which begins to run when the victim attains the age of eighteen. This is the law in effect as of the date of this opinion.

. Under the most recent amendment of La. C.Cr.P. art. 571.1 the time limitation for instituting prosecution has been extended to thirty years. Therefore, technically, in this case, the State would have until September 27, 2030, to institute prosecution against this defendant for molestation of a juvenile.

. As noted in fn. 5, the most recent amendment to La.C.Cr.P. art. 571.1 gives the State thirty years to institute prosecution against a defendant for sexual offenses against a minor. Therefore, technically, in this case, the State would also have until September 27, 2030, to institute prosecution against this defendant for aggravated incest.